IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01129-PAB-MJW

OSIEL RODRIGUEZ,

    Applicant,

v.

R. WILEY, Warden,

    Respondent.

---

## ORDER

---

This matter comes before the Court on the Recommendation on Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 7] ("the Recommendation") filed by Magistrate Judge Michael J. Watanabe [Docket No. 25]. Petitioner Osiel Rodriguez filed an objection to the Recommendation [Docket No. 26], to which respondent Wiley filed a response [Docket No. 27].

Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). The Court has reviewed Petitioner's objection, his Amended Petition, and the Recommendation under this standard. Because Petitioner is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

On April 11, 2006, staff at the United States Penitentiary in Atwater, California searched Petitioner's cell and discovered various letters, maps, and other materials that

appeared to be part of an escape plan. Specifically, the materials referred to a plan by Petitioner to develop a pen pal in Tampa, Florida, to tell the pen pal that he had murdered someone in Tampa, to have the pen pal's parents discover the letters and report him to the police, and then, after having been transferred to Tampa as part of the investigation, to escape from the less secure confinement he would have there. After these materials were discovered, the Bureau of Prisons ("the BOP") placed Petitioner in the Special Housing Unit of USP Atwater. On November 2, 2006, the BOP charged Petitioner with Attempted Escape in violation of BOP rules. The BOP held a disciplinary hearing on December 13, 2006. Disciplinary Hearing Officer ("DHO") Deborah Lorance conducted the hearing. At the end of the hearing, DHO Lorance found Petitioner guilty of the violation and, as part of the sanction, took away 41 days of Petitioner's good conduct time.

The Amended Petition states two claims regarding the December 13, 2006 hearing. Petitioner's first claim alleges that the DHO violated Petitioner's due process rights by refusing to accept "documentary evidence" from him at hearing. Docket No. 7 at 3-4. The first claim states that this documentary evidence consisted of (1) BOP Program Statement 5270.7, dealing with procedures for placing an inmate in administrative detention and (2) a written account of his defense. *Id.* Petitioner's second claim alleges that the DHO was not fair and impartial. *Id.* at 6-8.

The magistrate judge recommends that Petitioner's first claim be dismissed because BOP Program Statement 5270.7 was irrelevant to the issues involved in the disciplinary hearing and that Petitioner did not show that he was prevented from making his arguments in support of his defense. Recommendation at 6. In his objections,

Petitioner fails to dispute the basis of this recommendation.  The Court agrees with the magistrate judge.  The BOP policy statement deals with administrative detention, which, in Petitioner's case, took place after the alleged escape evidence was found and he was moved to the Special Housing Unit.  As a result, it was irrelevant to the escape charge.[1]   The DHO did not violate Petitioner's due process rights in excluding it.  Moreover, the Court agrees with the Recommendation that there is no evidence that the DHO prevented Petitioner from making arguments on his behalf at the disciplinary hearing.

As to the second claim, the Recommendation concludes that Petitioner has failed to overcome the presumption of integrity on the part of the DHO and, instead, Petitioner merely speculates that the DHO was biased against him.  In his objection, Petitioner argues that the DHO, in her declaration attached to respondent's response to the Order to Show Cause [Docket No. 91-1], made a number of false statements.  Docket No. 26 at 2-4.  Petitioner claims that these false statements show the DHO's bias against him.  However, these statements, even if inaccurate, are not so much false statements as misstatements.  They do not suggest any grounds to conclude that the DHO was biased against him during the disciplinary hearing.  Upon review of the record regarding the DHO's conduct during the hearing, the Court finds that, at most, the DHO was annoyed with Petitioner's persistence in trying to introduce irrelevant documents, not that she was biased or unfair.

---

[1] Although it appears, as Petitioner claims, that his disciplinary violation was changed from Attempted Escape to Escape Plotting on appeal, that fact has no relevance to the claims stated in the Petition.

The Court agrees with the reasoning and conclusions of the Recommendation and overrules Petitioner's objections.

Wherefore, it is

ORDERED that the Court accepts the Recommendation on Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 7] and overrules Petitioner's Objection to the Recommendation [Docket No. 26].  It is further

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 7], and the claims contained therein, is dismissed.  It is further

ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).


DATED November 2, 2010.

                                                BY THE COURT:

                                                s/Philip A. Brimmer
                                                PHILIP A. BRIMMER
                                                United States District Judge